**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| KHALID AUSTIN MAHAMMEND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 21-cv-02411-LKG |
| v. | ) | |
| | ) | Dated:  July 14, 2022 |
| GAIL WATTS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

## I.     INTRODUCTION

Plaintiff *pro se*, Khalid Austin Mahammend, filed this case pursuant to 42 U.S.C. § 1983, alleging that defendants Gail Watts, the director of Baltimore County Detention Center, and Sergeant Bond, an officer at Baltimore County Detention Center, failed to protect him from a violent attack by another pre-trial detainee.  ECF No. 1.  Defendants filed a motion to dismiss, or in the alternative, for summary judgment, asserting that the complaint fails to state a claim upon which relief may be granted; is subject to dismissal because plaintiff did not exhaust administrative remedies prior to filing the complaint; and fails to demonstrate that defendants were deliberately indifferent to a known substantial risk of harm to plaintiff.  ECF No. 11. Defendants also argue that they are entitled to qualified immunity.  *Id.*  Plaintiff filed a response in opposition to defendants' motion on June 6, 2022.  ECF No. 14.  No hearing is necessary to resolve this motion.  *See* L.R. 105.6 (D. Md. 2021).  For the reasons stated below, defendants' motion, construed as a motion to dismiss, shall be **GRANTED**.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

At all times relevant to the complaint, plaintiff was incarcerated at Baltimore County Detention Center ("BCDC") as a pre-trial detainee.[1]  Plaintiff was assigned to a cell alone on the

---

[1] Plaintiff is now incarcerated at Eastern Correctional Institution in Westover, Maryland.

protective custody tier.  ECF No. 1 at 3.  On June 24, 2021, he was assigned a cellmate, Konya Mason.  *Id*. at 2.  When Mason entered the cell, he did not speak to plaintiff; rather, Mason began pacing the cell and saying to himself that he was going to kill "another inmate" because he was "stressed out from being in jail."  *Id.* at 2-3.

Plaintiff states that Mason's statements made him "uncomfortable and fear for [his] life." *Id.* at 3.  He claims that he asked a correctional officer if he could speak with a supervisor because he feared for his life and did not feel safe in the cell with Mason.  *Id.*  Plaintiff spoke to defendant Sgt. Travis Bond and asked if Mason could be moved to another cell because he did not feel safe sharing a cell with him given his threats to kill someone.  *Id.*  According to plaintiff, Sgt. Bond denied his request to move Mason or to move plaintiff to another cell.  *Id.*  On June 27, 2021, three days after Mason was moved into plaintiff's cell, Mason hit plaintiff in the eye "for no reason."  *Id.* at 3.  Plaintiff states that he was then forced to defend himself from further assault.  *Id.*

Plaintiff concludes that his life was "deliberately put in danger while being on Protective Custody . . . because Sgt. Bond knew of the situation 3 days . . . before [the altercation] happened."  *Id.*  He asserts that Bond made the situation worse by keeping plaintiff and Mason in the same cell.  *Id.*  As a result of the punch to his left eye, plaintiff states that he still suffers pain in that eye and has permanent scars around his eye.  *Id.*  As relief, plaintiff seeks release from BCDC[2] and monetary damages.  *Id.* at 5.

Plaintiff attaches as an exhibit a "Report of Incident" concerning the June 27, 2021 altercation.  ECF No. 1-1.  In a section marked "Review by Supervisor," a space for comments is provided.  *Id.*  That section states, in pertinent part, that "Inmate Muhammend [sic] stated to Zone 5 Supervisor Sergeant Willette that 3 days ago Sgt. Bond placed a cellmate with him and he advised Sgt. Bond that he does not get along with other inmates."  *Id*. at 1.  Plaintiff disputes this recollection of what he said to Sgt. Bond and insists he said he feared for his life because Mason was in his cell.  *Id.* at 2.

Defendants also provide relevant reports of the June 27, 2021 incident.  ECF No. 11-4; ECF No. 11-5.  The Serious Incident Report written by Lt. Williams indicates that plaintiff and

---

[2] As noted, plaintiff is no longer incarcerated at BCDC, making his request for release from BCDC moot.

Mason refused to stop fighting when correctional officers came to the cell and ordered them to stop.  ECF No. 11-4 at 3.  After the men were separated, only Mason was escorted to Medical Treatment to be evaluated and it was determined shortly thereafter that Mason needed to be transported to a hospital by ambulance.  *Id.*  There is no mention of any injuries sustained by plaintiff during the fight.  *Id.*

## III.    LEGAL STANDARDS

In reviewing a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), the Court accepts as true all facts pleaded in the complaint and construes them in the light most favorable to the plaintiff.  *See Venkatraman v. REI Sys., Inc*., 417 F.3d 418, 420 (4th Cir. 2005).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Although courts should construe pleadings of *pro se* litigants liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), unsupported legal conclusions, *see Revene v. Charles Ct. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), and conclusory factual allegations devoid of any reference to actual events, do not suffice. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## IV.    LEGAL ANALYSIS

### A.    Defendant Gail Watts

The complaint contains no allegations against Director Gail Watts.  Rather, she is simply named as a defendant in the caption of the complaint.  Liability under Section 1983 attaches only upon personal participation by a defendant in the constitutional violation.  *See Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).  It is well-established that the doctrine of respondeat superior does not apply in Section 1983 claims.  *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under Section 1983).  Thus, to the extent that Watts is named as a defendant simply because of her position as the director of BCDC, this claim fails and must be dismissed.

### B.        Administrative Exhaustion

Defendants also argue that plaintiff has failed to exhaust his administrative remedies. ECF No. 11-1 at 5-6.  If plaintiff's claim has not been properly presented through the administrative remedy procedure, it must be dismissed pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.  The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  *Id*. at § 1997e(h).  The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003), *aff'd*, 98 F. App'x. 253 (4th Cir. 2004).

A "motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense."  *Goodman v. Praxair, Inc*., 494 F.3d 458, 464 (4th Cir. 2007).  However, an affirmative defense can be resolved by way of a Rule 12(b)(6) motion "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint."  *Id*.  "This principle only applies, however, if all facts necessary to the affirmative defense 'clearly appear[] *on the face of the complaint*,'" or in other documents that are proper subjects of consideration under Rule 12(b)(6).  *Id*. (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)) (emphasis in *Goodman*); *see also Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 682 (4th Cir. 2005) ("While it seems unlikely that the failure to exhaust administrative remedies will often be apparent from the face of a complaint, it is certainly possible that a complaint may clearly show that an inmate has not exhausted his administrative remedies.").

Here, defendants argue that plaintiff's failure to exhaust his administrative remedies is readily apparent from his complaint.  ECF No. 11-1 at 5-6.  Plaintiff filed his complaint on pre-printed forms designed for prisoners to file complaints pursuant to 42 U.S.C. § 1983.  In the section of the form that asks if plaintiff filed a grievance as required by the prison's administrative remedy procedures, plaintiff answered "no."  ECF No. 1 at 2.  Plaintiff has not disputed defendants' assertion that he failed to exhaust his administrative remedies, nor has he offered a viable explanation for failing to do so.  *See generally* ECF No. 14; *see also Ross v. Blake*, 578 U.S. 632, 642 (2016) (an administrative remedy is available if it is "capable of use to obtain some relief for the action complained of") (citation omitted).

This Court may not excuse a failure to exhaust under these circumstances.  *See Ross*, 578 U.S. at 639 (quoting *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining that "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).  Exhaustion is a precondition to filing suit in this Court, and "[e]xhausting administrative remedies after a complaint is filed will not save a case from dismissal for failure to exhaust administrative remedies."  *Kitchen v. Ickes*, 116 F. Supp. 3d 613, 624–25 (D. Md. 2015), *aff'd*, 644 F. App'x 243 (4th Cir. 2016).

## V.   CONCLUSION

Because plaintiff has failed to exhaust his administrative remedies, the complaint as to the claim against Sgt. Bond shall be dismissed.  Defendants' other arguments regarding the merits of plaintiff's claim will not be addressed at this time.  And so, for the foregoing reasons, it is this 14th day of July, 2022, by the United States District Court for the District of Maryland, **ORDERED** that:

1.  Defendants' motion to dismiss or for summary judgment (ECF No. 11), construed as a motion to dismiss, is **GRANTED**;

2.  The complaint is **DISMISSED** without prejudice as to defendant Sgt. Bond and is **DISMISSED** with prejudice as to defendant Gail Watts;

3.  The Clerk shall provide a copy of this Memorandum Opinion and Order to plaintiff and to counsel for defendants; and

4.  The Clerk shall **CLOSE** this case.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge